## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN SOW,<br><br>   *Plaintiff,*<br><br> v.<br><br>COMBE INCORPORATED, et al.,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 26-1223 |

**Pappert, J.**                    **April 10, 2026**

<u>**MEMORANDUM**</u>

On February 5, 2026, Karen Sow sued Combe Inc., Pennsylvania CVS Pharmacy, LLC and a John Doe Corporation in the Philadelphia County Court of Common Pleas, alleging state law claims of negligence, strict products liability and breach of warranty. (Am. Compl, Dkt. No. 1, Ex. A at 23–30.)  She purportedly bought and applied a defective product called "Just 5 Hair Dye," which she claims caused severe injuries to her scalp.  (*Id.* ¶¶ 14–23.)  Combe removed the case to this Court on February 25, asserting Sow's state law product liability claims raise substantial federal questions. (Not. of Removal ¶ 6, Dkt. No. 1 at 3–4.)  Sow now moves to remand the case to state court, arguing removal was improper because her claims arise exclusively under state law.  (Mot. to Remand at 6–7, Dkt. No 7.)  The Court grants the motion.

I

A defendant in state court can remove a case if the federal court would have original jurisdiction over it.  28 U.S.C. § 1441(a).  District courts must remand a case to state court if removal was improper because of a procedural defect or because the

1

district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation marks omitted).  Combe bears the burden to show removal is proper.  *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995).

If, as here, the parties are nondiverse, removal is proper only if the case arises under federal law.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).  Whether it does usually "turns on the well-pleaded complaint rule."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Franchise Tax Bd. of California v. Constr. Labs. Vacation Trust for S. California*, 463 U.S. 1, 9–10 (1983)).  Under this rule, a defendant generally cannot remove a case "unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."  *Id.* (quoting *Franchise Tax Bd.*, 463 U.S. at 10).  Sow is the "master of [her complaint]" and "she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## II

Combe argues Sow's state law claims arise under federal law because they raise "substantial federal questions."  (Not. of Removal ¶¶ 6 & 8.)  "[E]ven where a claim finds its origins in state rather than federal law," it may nonetheless arise under federal law in "a special and small category of cases."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citation and internal quotation marks omitted).  To do so, the federal issue must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by

2

Congress." *Id.* (citing *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)).

In its notice of removal, Combe argues the Food, Drug, and Cosmetic Act and its regulations govern the "sufficiency" of their product's "labeling and warnings." (Not. of Removal ¶¶ 15 & 16) (citing 21 C.F.R. § 701; 21 U.S.C. § 361.) Combe attempts to characterize Sow's complaint as an attack on federal law: "Plaintiff's allegations amount to alleging that federal regulations themselves are inadequate and insufficient[]" and this "alleged inadequacy and insufficiency of federal law, by necessity, implicates [a] substantial federal question." (Resp. in Opp'n at 5, Dkt. No. 10.)

Combe's reference to a federal regulatory scheme does not establish federal question jurisdiction. First, "it takes more than an implication of a federal element to raise a state-law cause of action to a substantial federal issue." *Brown v. Rite Aid Corp.*, 415 F. Supp. 3d 588, 593–94 (E.D. Pa. 2019) (citation omitted). And, although Combe may refer to federal laws and regulations to defend Sow's state law claims, "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Briones v. Bon Secours Health Sys.*, 69 F. App'x. 530, 534 (3d Cir. 2003) (quoting *Caterpillar*, 482 U.S. 393.) "Simply put, 'state-law tort and products liability claims regarding [products] regulated by the FDA . . . do not give rise to federal question jurisdiction.'" *Brown*, 415 F. Supp. 3d at 594 (quoting *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019)).

3

Combe fails to carry its burden to show the Court has jurisdiction over Sow's claims.  The Court will remand the case to state court pursuant to 28 U.S.C. § 1447(c).[1]

III

Sow argues she is entitled to attorneys' fees and costs under 28 U.S.C. 1447(c). (Mot. to Remand at 11, Dkt. No. 7.)  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  This rule "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter."  *Id.* at 140.  The Court has "broad discretion and may be flexible in determining whether to require the payment of fees."  *Mints v. Educ. Testing Service*, 99 F.3d 1253, 1260 (3d Cir. 1996).

This can be a complicated area of the law, *see Gunn*, 568 U.S. at 258, and the Court cannot say all of Combe's removal arguments were objectively unreasonable or that it sought removal to prolong litigation or impose costs on the opposing party.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[1]      Combe also contends Sow's state law claims are completely preempted by federal law.  (Not. of Removal ¶ 6.)  Under the doctrine of complete preemption, removal may be proper if "the [Supreme] Court has concluded that the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar*, 482 U.S. at 393.)  But "[n]o court has held that the federal FDCA completely preempts a plaintiff's recovery action for purposes of removal jurisdiction."  *Pennsylvania Emps. Benefit Tr. Fund v. Eli Lilly & Co.*, No. 07-2057, 2007 WL 2916195, at *4 (E.D. Pa. Oct. 5, 2007).  In any event, Combe seems to abandon this argument and does not mention it in its response.